| JERRY R. BAGWELL | * | NO. 2019-CA-0414 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| UNION CARBIDE | * | |
| CORPORATION, ET AL. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-10146, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
\* \* \* \* \* \*
**Judge Edwin A. Lombard**
\* \* \* \* \* \*
ON APPLICATION FOR REHEARING

(Court composed of Judge Terri F. Love, Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

*JENKINS, J., DISSENTS WITH REASONS*

Mickey P. Landry
Frank J. Swarr
Philip C. Hoffman
Matthew C. Clark
LANDRY & SWARR LLC
1010 Common Street, Suite 2050
New Orleans, LA 70112
-AND-
Jeffrey A. O'Connell
Ryan P. Phillips
THE NEMEROFF LAW FIRM
12720 Hillcrest Road, Suite 700
Dallas, TX 75230

      COUNSEL FOR PLAINTIFFS/APPELLANTS

McGready L. Richeson
David M. Stein
PUGH ACCARDO HAAS RADECKER & CAREY, LLC
1100 Poydras Street, Suite 3300
New Orleans, LA 70163

      COUNSEL FOR MONTELLO, INC.

Michael McAlpine, ESQ.
Richard Cozad, ESQ.
Jeff D. Peuler, ESQ.
Morgan Kelley, ESQ.
SCHOUEST BAMDAS SOSHEA AND BENMAIER, PLLC
365 Canal Street, Suite 2730
New Orleans, LA 70130
-AND-
John C. Elliott, ESQ
SCHOUEST BAMDAS SOSHEA & BENMAIER, PLLC
1001 McKinney Street, Suite 1400
Houston, TX 77002

      COUNSEL FOR RMC HOLDINGS, LLC

Kelly Brechetel Becker, Appeal Counsel
Kathryn Z. Gonski
Katherine Seegers Roth
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
-AND-
McGready L. Richeson
Ernest G. Foundas
Milele St. Julien
Francis X. deBlanc
David M. Stein
Kathleen E. Jordan
PUGH ACCARDO HAAS RADECKER & CAREY, LLC
1100 Poydras Street, Suite 3300
New Orleans, LA 70163

      COUNSEL FOR UNION CARBIDE CORPORATION

**APPLICATION FOR REHEARING GRANTED; DECEMBER 11, 2019 OPINION VACATED; NOVEMBER 27, 2018 AND FEBRUARY 19, 2019 JUDGMENTS VACATED; REMANDED**

**SEPTEMBER 23, 2020**

EAL
TFL
RBW
DNA

This matter is before the Court on an Application for Rehearing filed by the Appellants, plaintiffs Tawanah Lee Bagwell, and Jerrod Clinton Bagwell ("the Bagwells"). The Bagwells seek the reversal of the December 11, 2019 opinion of this Court as to the inconsistency of the jury verdict and the jury's non-apportionment of fault to four asbestos drilling mud companies, Union Carbide Company ("UCC"), Montello, Inc., Chevron Phillips Chemical Company, LP ("Chevron") and Johns-Manville ("JM"). Additionally, the Bagwells request that this Court apportion fault to the aforementioned manufacturers, or alternatively, order a new trial in this matter.

The Bagwells request that this Court review our prior finding that the trial court did not err in signing a November 27, 2018 judgment, asserting that jury's verdict was based on the inconsistent answers to interrogatories, and review a February 19, 2019 judgment, denying their motion for a judgment notwithstanding verdict, or in the alternative, motion for new trial, alleging the jury's verdict was clearly contrary to the law and evidence.

1

The Bagwells aver that this Court erred in its December 2019 opinion, in reasoning that the jury had a reasonable basis to conclude there was another source of Mr. Bagwell's asbestos exposure other than Visbestos, SuperVisbestos and Flosal. On appeal, we noted that there was testimony adduced at trial that Mr. Bagwell was exposed to asbestos material, aside from the aforementioned asbestos products, and there was testimony that said mud additives may not have been aboard the rigs where Mr. Bagwell worked. The Bagwells contest this reasoning. They argue that prior to trial the parties agreed there was no competent evidence that Mr. Bagwell was exposed to any other products at RMC; consequently, directed verdicts were entered excluding these products, including welding blankets and other drilling products, as possible sources of exposure aboard the rigs.

On rehearing, we find that there were inconsistencies in the jury verdict. Thus, we grant the Application for Rehearing; vacate our December 11, 2019 opinion, as well as the trial court judgments of November 27, 2018 and February 19, 2019 judgment, and remand this matter to the trial court for a new trial.

The Bagwells maintain that because RMC neither manufactured nor supplied asbestos drilling mud additives, the jury was clearly confused in determining that RMC *exposed* Mr. Bagwell to drilling mud additives, yet simultaneously found no exposure to drilling mud additives used by RMC. The Bagwells maintain that this finding is a factual impossibility. They assert, "the parties and Trial Court agreed there was no competent evidence Mr. Bagwell was exposed to any other products at RMC," except for Visbestos, SuperVisbestos and Flosal. "Thus, directed verdicts were entered as to any other possible sources of exposure aboard the rigs, including welding blankets and other drilling products."

2

The Bagwells' argument is that the jury reached a logically impossible result, finding RMC, Mr. Bagwell's employer, 75% at fault, for his exposure to asbestos without finding any of the actual producers of the asbestos products used by RMC to be at fault.[1]

Prior to the conclusion of trial, the district court granted several directed verdicts that removed all other potential asbestos sources used by RMC from consideration. On November 8, 2018, the district court made the following pertinent rulings:

- Granted a directed verdict in favor of the Bagwells, finding that the Appellees failed to show that International Paper Company and Dixie Machine Welding and Machine Works, Inc., ("Dixie Machine") exposed Mr. Bagwell to asbestos or established any evidence that they engaged in any conduct that would constitute a substantial contributing factor in causing his mesothelioma;

- Granted a directed verdict in favor of the Bagwells, finding that Mr. Bagwell's work with and/around asbestos products, such as the Dixie Machine's blankets, were not a substantial cause of his mesothelioma; and

- Granted directed verdicts in favor of UCC and Montello, holding that drilling mud additives of International Minerals Company ("IMCO") and Visquick, an asbestos product, were not a substantial cause of Mr. Bagwell's mesothelioma.

The jury's verdict, the Bagwells assert, is in direct contravention of the directed verdicts granted by the district court, which excluded all other viable manufacturers of asbestos products, except for the three aforementioned products. We agree.

---

[1] The jury assigned the remaining 25% of fault to CAPCO, the employer of Mr. Bagwell's father.

In this matter, the jury instructions and interrogatories set forth causes of action for negligence, and strict products liability—including theories of unreasonably dangerous per se, unreasonably dangerous due to design defect, unreasonably dangerous due to construction or composition, and unreasonably dangerous due to failure to warn—against the defendants.

The first interrogatory questioned the jurors as to what entities exposed Ms. Bagwell to asbestos and whether those exposures were a substantial contributing cause of his mesothelioma. The Jury responded "YES" as to RMC, Mr. Bagwell's former employer, and CAPCO, the asbestos pipe company where Mr. Bagwell's father worked in Alabama. The jury ultimately determined that no other asbestos manufacturers substantially contributed to Mr. Bagwell's contraction of mesothelioma and apportioned 75% fault to RMC and 25% to CAPCO.

In consideration of the instructions and interrogatories, it was indeed illogical for the jury to find RMC almost totally at fault without also finding Mr. Bagwell was exposed to at least one asbestos product used by RMC during his employ and thereby, assigning some degree of fault to the manufacturer and/or distributor of the same. As mentioned above, as a result of the directed verdicts, the only remaining asbestos products that could have caused Mr. Bagwell's mesothelioma on RMC's rigs were Visbestos, SuperVisbestos and Flosal.[2] None of the manufacturers of these products, which were all listed on the interrogatories, were determined to be a substantial contributing cause of Mr. Bagwell's mesothelioma in response to the first interrogatory. Thus, the jury did not find that any of these manufacturers were a substantial contributing cause under the causes

---

[2] Chevron and JM were the manufacturers of Flosal, whereas Visbestos and SuperVisbestos were manufactured by UCC, and distributed by Montello. The Bagwells' claims against Chevron were resolved prior to trial and Johns Mansville was not a defendant.

4

of action listed thereafter in the interrogatories, and did not assign fault to any of these manufacturers.

For instance, in response to four consecutive interrogatories questioning which companies' asbestos products were a substantial factor in causing Mr. Bagwell's mesothelioma, under strict products liability theories, the jury solely responded "YES" to CAPCO:

> 6. Do you find, by a preponderance of the evidence, that the following companies' asbestos products were unreasonably dangerous per se?

> 7. Do you find, by a preponderance of the evidence, that the following companies' asbestos products were unreasonably dangerous due to a failure to warn or failure to adequately warn and that failure was a substantial contributing cause of Jerry R. Bagwell's mesothelioma?

> 8. Do you find, by a preponderance of the evidence, that the following companies' asbestos products were defective in construction or composition, and that defect was a substantial contributing cause of Jerry R. Bagwell's mesothelioma?

> 9. Do you find, by a preponderance of the evidence, that the following companies' asbestos products were unreasonably dangerous due to a defective design and that defect was a substantial contributing cause of Jerry R. Bagwell's mesothelioma?

Based upon the jury's assignment of such a high degree of liability to RMC for exposing Mr. Bagwell to asbestos, the jury had to be confused to some degree to not find that any of the four asbestos manufacturers were a substantial cause of Mr. Bagwell's mesothelioma. The record provides some basis for confusion.

At trial the jury was presented with the testimony of various witnesses, who testified that Visbestos and SuperVisbestos could not cause mesothelioma and

further that these products were not even present on RMC's rigs during Mr. Bagwell's employment.

Mr. Bagwell's former supervisor, Paul Green, testified that he was a RMC employee from 1976 to 1993, but had no recollection of SuperVisbestos and Visbestos being in use. Michael Donovan, a petroleum geologist, further testified that his research showed that neither of these two products were shipped to Louisiana during the time that Mr. Bagwell was a RMC employee. Lastly, pathologist, Dr. Victor Roggli opined that the unique characteristics of UCC's calidria chrysotile asbestos was unlikely to cause mesothelioma, as opposed to other forms of chrysotile asbestos, due to its short fiber form.

Despite Mr. Bagwell's deposition testimony tying Visbestos and SuperVisbestos to RMC's rigs, and the testimony of several experts on his behalf, the jury did not determine he was exposed to these products.[3] Additionally, as the Bagwells point out, the jury did not find the only remaining viable asbestos source, Flosal, to be a factor either.

La. Code Civ. Proc. art. 1813 (E) provides: "When the answers [to interrogatories] are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers or may order a new trial." This article requires "that when jury answers are inconsistent, the court shall not direct the entry of judgment, but may return the jury for further consideration, or may order a new trial." *Ferrell v. Fireman's Fund Ins. Co.,* 94-1252, p. 7 (La. 2/20/95), 650 So. 2d 742, 747. "[I]inconsistent responses to special

---

[3] Industrial hygienist Susan Raterman, William Longo Ph.D.; Richard Lemen, Ph.D.; and Richard Kradin, M.D., also testified as to Mr. Bagwell's exposure to these products.

6

verdict interrogatories create an error of law." *Palumbo v. Shapiro*, 11-0769, p. 10 (La. App. 4 Cir. 12/14/11), 81 So. 3d 923, 929.

Additionally, a new trial shall be granted on peremptory grounds, upon contradictory motion of any party, "when the verdict or judgment appears clearly contrary to the law and the evidence." La. Code Civ. Proc. art. 1972. "Generally, a trial judge should grant a motion for new trial because a jury verdict is contrary to the law and evidence when the judge's examination of the record, while exercising his discretion, convinces him that the judgment would result in a miscarriage of justice." *FIE, LLC v. New Jax Condo Ass'n, Inc.*, 16-0843, p. 22 (La. App. 4 Cir. 2/21/18), 241 So. 3d 372, 391, *writ denied*, 18-449 (La. 5/25/18), 243 So. 3d 544, and *writ denied*, 18-446 (La. 5/25/18), 243 So. 3d 545 (quoting *Zatarain v. WDSU–Television, Inc.*, 95-2600, p. 3 (La. App. 4 Cir. 4/24/96), 673 So.2d 1181, 1183).

This Court further expounded in *Fie* that "[a] motion for new trial based on a contention that the verdict is contrary to the law and evidence should be denied if the verdict is supportable by any fair interpretation of evidence, and a trial court judgment denying a motion for new trial should not be reversed unless the appellate court finds that the trial court abused its great discretion." *Id.*, 16-0843, p. 23, 241 So. 3d at 391 (citing *Zatarain*, 95-2600, p. 3, 673 So.2d at 1183). Here, however, to recapitulate, the jury's verdict is not supported by a fair interpretation of the evidence as reflected on the face of the jury's interrogatory responses and the directed verdicts granted by the trial court. Thus, we find the trial court abused its discretion in denying the motion for new trial.

Under the unique facts presented and upon review of the Bagwells' application, we agree that the verdict is irreconcilable with a reasonable

7

interpretation of the record. We find that as a result of juror confusion, the jury erroneously answered the interrogatories, causing it to reach a factually impossible verdict. Therefore, we grant the Bagwells' Application for Rehearing, vacate our December 11, 2019 opinion, as well as the November 27, 2018 and February 19, 2019 judgments, and remand this matter for a new trial.

**APPLICATION FOR REHEARING GRANTED; DECEMBER 11, 2019 OPINION VACATED; NOVEMBER 27, 2018 AND FEBRUARY 19, 2019 JUDGMENTS VACATED; REMANDED**